JOURNAL ENTRY AND OPINION
Appellant, Kenneth Bouyer, appeals the trial court's determination that he is a sexual predator. For the following reasons, we affirm.
Appellant was indicted for six counts of rape. The victim was his older daughter. The offenses occurred between November, 1988 and March 1989, when the older daughter was eleven to twelve years old. Appellant was also indicted for one count of gross sexual imposition. The victim was his younger daughter, age ten.
Appellant pled guilty to five counts of rape, with the age of the victim deleted. The remaining counts were nolled. On September 27, 1989, he was sentenced to five to twenty-five years on each count, to run concurrently.
On August 3, 2000, a sexual predator adjudication hearing was held. The court reviewed appellant's file from the Department of Rehabilitation and Corrections. Appellant completed many education programs, including the Monticello sex offender program. He nearly completed a college degree. He was a food service worker and porter in prison. Currently, he teaches other prisoners. Except for one rule violation, appellant was a model prisoner. Appellant has no prior criminal record.
The court also reviewed written statements of the victims. The older daughter said the first rape occurred when she was eight or nine. The girls were terrified. Appellant threatened them. The pre-sentence investigation report indicates that appellant made the older daughter drink alcohol before one of the rapes.
The defense submitted an article from Scientific American. The article said that recent studies have found sex offenders are less likely to have recurrent run-ins with the law than previously believed.
The defendant stated that the offenses occurred under extenuating circumstances. He was under a lot of stress from a broken marriage and relocation.
 I.
Appellant's first assignment of error states:
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
The conclusion that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(B)(3), See State v. Cook (1998), 83 Ohio St.3d 404, 408.
 Sexual predator means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.01(E). The trial court should consider the factors listed in R.C. 2950.09(B)(2). The court may consider reliable hearsay, such as a presentence investigation report or victim statements. See Cook, supra.
The court considered the following factors which indicated appellant was likely to commit sexual offenses in the future: appellant's age (R.C. 2950.09(B)(2)(a)); the age of the victims (R.C. 2950.09(B)(2)(c)); the offense involved multiple victims (R.C. 2950.09(B)(2)(d)); appellant used alcohol to impair the victim (R.C. 2950.09(B)(2)(e)); appellant raped his daughter over a period of years and committed gross sexual imposition on his other daughter (R.C. 2950.09(B)(2)(h)); and appellant threatened the victims (R.C. 2950.09(B)(2)(i)).
The following factors indicated appellant was not likely to re-offend: appellant had no criminal record (R.C. 2950.09(B)(2) (f)); appellant participated in programs for sexual offenders (R.C. 2950.09(B)(2)(f)); and appellant said he was under stress when he committed the offenses (R.C.2950.09(B)(2)(j)). Based on this record, the court could find that there was clear and convincing evidence that appellant was a sexual predator.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE APPELLANT'S HEARING VIOLATED THE CONCEPTS OF SEPARATION OF POWERS BECAUSE THE TRIAL COURT INDEPENDENTLY GATHERED EVIDENCE FROM THE APPELLANT'S CORRECTIONAL INSTITUTION.
This assignment of error is essentially the same as those considered and rejected in State v. Williams (2000), 88 Ohio St.3d 515; State v. Cook (1999), 83 Ohio St.3d 404 and State v. Ward (1999),130 Ohio App.3d 551. See State v. Gross (Aug. 17, 2000), Cuyahoga App. No. 76836, unreported; State v. Copeland (Dec. 18, 2000), Cuyahoga App. No. 77333, 77500, 77501, 77502 77517, unreported.
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE TRIAL COURT ERRED WHEN IT DECIDED TO CONDUCT THE SEXUAL PREDATOR HEARING AGAINST THE APPELLANT WHERE THE APPELLANT WILL NOT BE RELEASED FROM PRISON FOR AT LEAST TEN YEARS IN VIOLATION OF THE REVISED CODE AND BOTH THE OHIO AND UNITED STATES CONSTITUTIONS.
Appellant asserts that a sexual predator determination years before his release from incarceration violates due process because it does not provide him with a meaningful time for the determination to be made. The proper time, he argues, is immediately prior to release from incarceration. This argument has been rejected. State v. Green (Apr. 26, 2001), Cuyahoga App. No. 77771, unreported, citing State v. Dunwoody (Aug. 30, 1999), Perry App. No. CA-97-65, unreported. See also, State v. Steele (Sep. 7, 2000), Cuyahoga App. No. 76205, unreported.
Accordingly, this assignment of error is overruled.
 IV.
Appellant's fourth assignment of error states:
 THE TRIAL COURT ERRED WHEN IT REFUSED TO DISMISS THE PROCEEDING BECAUSE AN INDIVIDUAL'S PROTECTABLE LIBERTY INTEREST IN PRIVACY IS ENCUMBERED BY THE SEXUAL PREDATOR LABEL AND THE FACTORS LISTED AT R.C. S2950.09 (B)(2) VIOLATE THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, WHERE THE LEGISLATURE DID NOT PROVIDE TRIAL COURTS WITH GUIDANCE ON HOW THE CLASSIFYING FACTORS SHOULD BE APPLIED.
Appellant claims that the sexual predator statute deprives him of liberty without due process, because the statute is subject to arbitrary application. Appellant asserts the statute does not provide the trial courts with guidance about how to apply the statutory factors. This argument was rejected in State v. McKinney (Jan. 25, 2001), Cuyahoga App. No. 77659, unreported; State v. Steele (Sept. 7, 2000), Cuyahoga App. No. 76205, unreported; and State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported.
Accordingly, this assignment of error is overruled.
 V.
Appellant's fifth assignment of error states:
 R.C. S2950.09(C) VIOLATES THE DUE PROCESS CLAUSES OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION, BECAUSE A WRITTEN CHARGE WAS NOT PROVIDED TO THE APPELLANT.
Appellant asserts that he should have received written notice of the evidence underlying the Department of Rehabilitation's recommendation and notice of the burden of going forward. He contends he was afforded inadequate discovery prior to the hearing.
In rejecting this argument, this court stated:
 This court has previously held that R.C. 2950.09
affords the offender adequate notice and an opportunity to defend. State v. Ward (1999), 130 Ohio App.3d 551, 559. . . . The corrections department's recommendation only serves to initiate the court proceedings and is not binding on the court. See R.C. 2950.09(C)(1) and (2).
 Consequently, any further notice of the basis for the recommendation would not be meaningful to the offender in allowing him or her to respond to the proposed classification as a sexual predator.
State v. McKinney (Jan. 25, 2001), Cuyahoga App. No. 77659, unreported. Additionally, appellant has not explained how he may have been deprived of access to facts needed to defend against a sexual predator classification. See McKinney, supra; State v. Gibson (Dec. 7, 2000), Cuyahoga App. No. 76875, unreported. Appellant was aware that the judge must consider all relevant factors to determine whether the defendant is likely to engage in future sexually oriented offenses, including the factors specifically listed in R.C. 2950.09(B)(2). McKinney, Gibson, supra.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS. DIANE KARPINSKI, A.J., CONCURS IN JUDGMENT ONLY.